UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT R. LABARGE, an individual d/b/a LABARGE CONCRETE, <br><br> Defendant. | Case No. 4:13CV01258 AGF |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for default judgment (Doc. No. 6) against Defendant Robert LaBarge d/b/a LaBarge Concrete.  Plaintiffs filed this action on July 2, 2013, under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to recover delinquent fringe benefit contributions allegedly owed to the Plaintiff employee benefit funds.

The Plaintiffs herein are four employee benefit plans, their boards of trustees, and Local Union Nos. 42-53-110, Laborers International Union of North America, AFL-CIO. Plaintiffs allege in their complaint, filed on July 2, 2013, that Defendant has been bound by a collective bargaining agreement ("CBA") with the union since June 7, 2012, and is a signatory to a participation agreement with the benefit funds.  They assert that as a result, Defendant was required to submit monthly reports and remit contributions to the benefit funds.  The CBA and trust documents establish liability for damages in the event a

signatory contractor, such as Defendant, becomes delinquent in making contributions. The CBA and trust documents also authorize audits of a signatory contractor's records for purposes of determining whether payments have been properly made under these agreements.  Plaintiffs asserted that Defendant failed to submit the monthly reports and to make the contributions to the benefit funds required of it under the CBA for the period June 7, 2012, to the date of filing of the complaint.

Plaintiffs request that the Court order Defendant to submit to a financial examination for the period of June 7, 2012, to the date of filing.  They also ask for a judgment based on the results of that examination and for interest, costs, accounting fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).  The Clerk of the Court entered the default of Defendant by Order dated August 5, 2013.  (Doc. No. 5.)

On October 28, 2013, Plaintiffs filed the present motion for default judgment, which was accompanied by affidavits and exhibits, for a total amount of $2,314.80, consisting of $330.72 in unpaid contributions; $66.15 in liquidated damages; $11.99 in interest; $212.50 in payroll examination fees; $1,157.00 in attorneys' fees; and $536.44 in costs, representing the filing fee ($400.00) and the cost of service of the summons and complaint by a special process server ($136.44).  (Doc. Nos. 6 and 7.)

Defendant has neither filed a response to Plaintiffs' motion for default judgment nor moved to vacate the entry of default.

The liability of a defendant is established upon entry of default, and therefore once default is entered, the plaintiff is not required to establish its right to recover.  *Brown v.*

*Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"); *Kellett v. Wofford Bros. Servs., Inc.*, No. 4:10-CV-120 CAS, 2011 WL 1526963, at *1-2 (E.D. Mo. April 20, 2011) (applying the above principle to a case for delinquent contributions under ERISA and LMRA). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiffs. *See Kellett*, 2011 WL 1526963, at *1-2; *Flynn v. Williams Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005), *amended on other grounds*, 444 F. Supp. 2d 221 (D.D.C. 2006).

In an ERISA case, a court has the discretion to determine damages based on "detailed affidavits or documentary evidence." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). When a court enters judgment for the plan for contributions owed under a CBA, ERISA provides that the court shall award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). Damages must be proven by a preponderance of the evidence. *Trustees of the I.B.E.W. Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, No. 07-CV-39-LRR, 2008 WL 154641, at *5 (N.D. Iowa Jan. 15, 2008).

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of awards for the fringe benefit contributions

due the benefit funds (Doc. Nos. 7-3 and 7-5); for interest on these delinquent contributions through September 30, 2013, (Doc. No. 7-3 and 7-5); for liquidated damages on the contributions due to the Plaintiff Funds (Doc. Nos. 7-3 and 7-5); and for the accounting fees (Doc. No. 7-3).

Plaintiffs' counsel has submitted an affidavit showing that counsel and a paralegal worked on this matter for 6.7 hours at $170.00 per hour and 0.2 hour at $90.00 per hour, respectively.  (Doc. No. 7-2.)

Calculating reasonable attorney's fees involves a two step analysis.  First, "[t]he usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." *Local 513, Int'l Union Operating Eng'rs v. Larry Ortmann Contracting, Inc.*, No. 4:08-CV-1177 CAS, 2009 WL 151698, at *2 (E.D. Mo. Jan. 22, 2009).  Second, the Court should consider other factors that could lead it to adjust the fee upward or downward.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Considerations in adjusting the fee include the "results obtained."  *Id.* at 430 n.3 (listing factors).

Upon review of the record, the Court concludes that Plaintiffs' requested hours and hourly rates are reasonable and that Plaintiffs are entitled to the fees requested.  *See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 294-95 (3d Cir. 2007) (rejecting the argument that the court should reduce attorney's fees of $28,623.14 to make the fees proportional to the $1,928.00 of unpaid contributions recovered); *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview*

*Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (same where the plaintiff was entitled to attorney's fees of $81,111.20 when the underlying judgment for delinquent contributions was only $25,598.91); *cf. Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000) (rejecting, in a Title VII case, the argument that the attorney's fees and costs of $106,832.60 and $9,385.22, respectively, should be reduced because the plaintiff was awarded just $25,000 in actual damages); *Jackson v. Crews*, 873 F.2d 1105, 1110 (8th Cir. 1989) (explicitly rejecting a "rule of proportionality" in civil rights cases because tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court).

Lastly, Plaintiffs' costs, consisting of the court filing fee and cost of service of the summons and complaint by a special process server are reasonable and customary and will be awarded as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. No. 6) is **GRANTED**. Defendant shall pay to Plaintiffs the contributions due to the benefit funds for the June 2012 period in the total amount of $408.86 ($330.72 in unpaid contributions, $66.15 in liquidated damages, and $11.99 in interest), attorney's fees in the amount of $1,157.00, payroll examination fees of $212.50, and costs of $536.44.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order on Defendant Robert LaBarge at the address of service employed by the special process server.

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2013.